IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQAUS L. MARTIN, ) | |
| ) | |
| Petitioner, ) | 4:99cv3152 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| HAROLD W. CLARKE, ) | |
| ) | |
| Respondent. ) | |

    This matter is before the court on filing no. 146, the Extraordinary Writ of Mandamus to Reopen Habeas Corpus 28 U.S.C. A. § 1361, filed by the petitioner, JacQaus L. Martin. In my Memorandum and Order of February 2, 2004 (filing no. 111), I found that the statute of limitations for Mr. Martin's habeas corpus petition had expired before he filed his Petition for Writ of Habeas Corpus in this court on May 13, 1999.  Although I had allowed the petitioner to reopen the above-entitled case in 2003, I ultimately had to conclude from review of the record that the case was untimely when originally filed in 1999.  Therefore, I entered judgment (filing no. 112) dismissing the petition.

    Mr. Martin appealed the judgment to the Eighth Circuit Court of Appeals.  However, the Eighth Circuit denied a Certificate of Appealability and dismissed the appeal (filing no. 138).

    At this time, Mr. Martin raises an issue which could have been presented in earlier filings, i.e., that the delay in the filing of his habeas petition was attributable to the state's restrictions on his access to the courts.  More specifically, the petitioner was imprisoned in disciplinary segregation for six years during which he received at most one hour of time in the prison law library per each seven to fourteen calendar days, and he had no access to anyone trained in the law.  During his library time, the petitioner was fully restrained by leg irons and belly chains with handcuffs.  He was allowed only one hand free to turn pages or write, and he was not permitted to move from his chair and table during his library time.

    Under those circumstances, the petitioner contends that he was effectively denied access to the courts, or, at a minimum, that his access to legal materials was so severely restricted as to warrant extending the statute of limitations pursuant to either 28 U.S.C. § 2244(d)(1)(B) or the principles of equitable tolling.  He points to a case in which another petitioner in this court prevailed on that point, in Case No. 4:03cv3318, Troy Anthony Hess

1

v. Harold W. Clarke.  District Judge Richard G. Kopf ruled that similar conditions under which Mr. Hess had to struggle to prepare his legal documents amounted to an extraordinary burden beyond his control, preventing timely filing of Mr. Hess' habeas corpus petition and warranting equitable tolling.

However, the court's records indicate that Mr. Hess sought equitable tolling at the outset of his habeas corpus litigation, not, as in Mr. Martin's case, after the entry of judgment by the district court on the basis of untimeliness and the adverse disposition of the petitioner's appeal.  At this point, the petitioner, having already reopened his case before, has had all of the opportunities to litigate his habeas claims in this case which the law permits.  See, e.g., 28 U.S.C. § 2244(b) (prohibiting successive habeas corpus petitions).[1]  Filing no. 146, the Extraordinary Writ of Mandamus to Reopen Habeas Corpus 28 U.S.C. A. § 1361, filed by the petitioner, JacQaus L. Martin is denied.

IT IS SO ORDERED.

DATED this   21st       day of June, 2006.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge

---

[1] 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition.  "The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"  Felker v. Turpin, 518 U.S. 651, 664 (1996).