IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQAUS L. MARTIN, | ) |
| Petitioner, | ) 4:99cv3152 |
| vs. | ) MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, | ) |
| Respondent. | ) |

    This matter is before the court on filing no. 150, the Notice of Appeal filed by the petitioner, Jacqaus L. Martin, a prisoner, who appeals filing nos. 147 and 149 in which I denied filing no. 146, the petitioner's "Extraordinary Writ of Mandamus to Reopen Habeas Corpus 28 U.S.C.A. § 1361."  Also before the court is filing no. 151, the petitioner's Application to Proceed In Forma Pauperis ("IFP") on appeal, supported by prison trust account information.

    In my Memorandum and Order of February 2, 2004 (filing no. 111), I found that the statute of limitations for Mr. Martin's habeas corpus petition had expired before he filed his Petition for Writ of Habeas Corpus in this court on May 13, 1999.  Although I had allowed the petitioner to reopen the above-entitled case in 2003, I ultimately had to conclude from review of the record that the case was untimely when originally filed in 1999.  Therefore, I entered judgment (filing no. 112) dismissing the petition.  Mr. Martin appealed the judgment to the Eighth Circuit Court of Appeals.  However, the Eighth Circuit denied a Certificate of Appealability (COA) and dismissed the appeal (filing no. 138).

    In his Extraordinary Writ of Mandamus to Reopen Habeas Corpus 28 U.S.C.A. § 1361, the petitioner blames the State's restrictions on access to the courts for the petitioner's delay in filing his habeas petition.  For the six years the petitioner has spent in disciplinary segregation, he has received, at most, one hour of time in the prison law library during each 7 to 14 calendar days, and he has had no access to anyone trained in the law.  During his library time, the petitioner sat fully restrained by leg irons and belly chains with handcuffs, with only one hand free to turn pages or write, and he was not permitted to move from his chair and table during his library time.

    Under those circumstances, the petitioner contends that he was effectively denied access to the courts, or, at a minimum, that his access to legal materials was so severely restricted as to warrant extending the statute of limitations pursuant to either 28 U.S.C. § 2244(d)(1)(B) or the principles of equitable tolling.  He points to a case in which another

1

petitioner in this court prevailed on that point, see Case No. 4:03cv3318, Troy Anthony Hess v. Harold W. Clarke.

I held, however, that while Mr. Hess sought equitable tolling at the outset of his habeas corpus litigation, Mr. Martin's Extraordinary Writ of Mandamus to Reopen Habeas Corpus 28 U.S.C.A. § 1361, is the equivalent of a second or successive habeas corpus petition which must be authorized by the Eighth Circuit Court of Appeals before this court may consider it.  See 28 U.S.C. § 2244(b), prohibiting the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition.

Upon review of the record, I find that the petitioner qualifies to proceed IFP on appeal, and his appeal is not frivolous and is taken in good faith. Therefore, filing no. 151, the petitioner's Application to Proceed IFP on appeal, is granted, and the petitioner shall have no obligation for the appellate filing fees in this appeal.

Nevertheless, if a COA is required for an appeal from the denial of an Extraordinary Writ of Mandamus to Reopen Habeas Corpus case, I deny a COA in the circumstances of this case.  Title 28, U.S.C. § 2253(c) and Fed. R. App. P. 22(b) indicate that in an action pursuant to 28 U.S.C. § 2254 by a prisoner in state custody, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a COA or state the reasons why a COA should not issue.  See generally Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right, which, in turn, requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 894 (1983) (defining standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.  Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling ....  Where a plain procedural bar is present and the district court is

correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id. Upon review and consideration of the record and the applicable law, I conclude that the petitioner has failed to demonstrate that reasonable jurists would find this court's rulings debatable or wrong. Therefore, a certificate of appealability will not issue.

THEREFORE, IT IS ORDERED:

1. That filing no. 151, the petitioner's Application to Proceed In Forma Pauperis on appeal, is granted;

2. That a certificate of appealability is denied; and

3. That the Clerk of Court shall provide a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals and shall process this appeal to the Eighth Circuit.

DATED this 26th day of July, 2006.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge